FILED '08 JUL 16 15:40 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


MATTHEW WILLIAM BUTKOVICH,                                    CV 07-1122-MA

        Petitioner,                                          OPINION AND ORDER

  v.

J.E. THOMAS,
Warden, FCI-Sheridan,

        Respondent.


    MATTHEW WILLIAM BUTKOVICH
    Federal Register Number 11645-023
    Federal Correctional Institution
    PO Box 5000
    Sheridan, OR  97378-5000

        Petitioner, *Pro Se*

    KARIN J. IMMERGUT
    United States Attorney
    SUZANNE A. BRATIS
    Assistant United States Attorney
    United States Attorney's Office
    District of Oregon
    1000 SW Third Avenue, Suite 600
    Portland, OR  97204-2902

        Attorneys for Respondent

MARSH, Judge:

1- OPINION AND ORDER

Petitioner, an inmate in the custody of the Federal Bureau of Prisons (BOP), currently housed at the Federal Correctional Institution (FCI) in Sheridan, Oregon, brings this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

## BACKGROUND

In December 2002 Petitioner was convicted in the Eastern District of Washington of three counts of Armed Bank Robbery. The "Original Judgment" entered December 19, 2002, is not available to this Court. However, this Court has reviewed three documents each dated February 10, 2003, titled "Amended Judgment in a Criminal Case," and each imposing terms of imprisonment and restitution sentences for Armed Bank Robbery committed April 17, 2001, July 16, 2001, and August 6, 2001, respectively. Together the three judgments reflect a restitution sentence totaling $311,389.

On August 1, 2007 Petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (#2), and a Motion for Appointment of Counsel (#2). According to Petitioner, when he arrived at FCI Sheridan the BOP began unlawfully withdrawing monthly payments of $100 from his prison bank account, pursuant to the Inmate Financial Responsibility Program (IFRP). *See* 28 C.F.R. § 545.10, *et seq.* Petitioner requests this Court issue a Writ of Habeas Corpus commanding Respondent to cease collecting

2- OPINION AND ORDER

any restitution payments from him on the basis that the BOP does not have authority to require him to pay his restitution because the sentencing court did not fix a restitution payment schedule for his period of imprisonment.

On January 7, 2008 Respondent filed a Motion to Dismiss Petitioner's Writ of Habeas Corpus Filed Under 28 U.S.C. § 2241 (#10). On January 17, 2008 Respondent filed an Amended Motion to Dismiss Petitioner's Writ of Habeas Corpus Filed Under 28 U.S.C. § 2241, In the Alternative Respondent's Answer (#12). Respondent moves to dismiss the petition as improperly brought under 28 U.S.C. § 2241, because, according to Petitioner "in reality, it is a petition for relief under 28 U.S.C. § 2255." In the alternative, Respondent contends that this Court should dismiss the petition on the basis that Petitioner is actually making restitution payments voluntarily, notwithstanding his averments to the contrary.

On February 14, 2008, Petitioner filed a Reply to Amended Motion to Dismiss (#14), reasserting his position that he is not voluntarily making payments on his restitution sentence and that he does not wish to voluntarily do so.

## DISCUSSION

First, for the same reasons I denied Respondent's Motion to Dismiss in *West v. Thomas*, 2008 WL 2704460 (D. Or. July 2, 2008),

3- OPINION AND ORDER

Respondent's Motion to Dismiss in this case is denied.

Second, as in *West*, I credit as true this Petitioner's testimony that he does not wish to make payments toward his restitution sentence voluntarily.

Third, I concur with Petitioner that the sentencing orders at issue here do not set a payment schedule for payment of restitution during the period of imprisonment, as required by *U.S. v. Gunning*, 401 F. 3d 1145, 1150 (9th Cir. 2005)(*Gunning II*), in order for the BOP to lawfully collect restitution payments from prisoners. Each of the documents entitled "Amended Judgment in a Criminal Case" contain an identical page with the headline "Schedule of Payments" and on each of these pages the sentencing judge checked the boxes next to the words "Payment to begin immediately" and "Special instructions regarding payment of criminal monetary penalties: Defendant shall participate in the BOP Inmate Financial Responsibility Program." The "Schedule of Payments" pages also state that Petitioner's restitution sentence is "Joint and Several" with two other listed people. Separately, each of the documents also contains a page headed "Supervised Release", listing the terms of Petitioner's supervised release under each term of imprisonment, including that he pay any unpaid restitution "at the commencement of the term of supervised release...". However, none of these sentencing documents contains a set schedule for payment of restitution during

4- OPINION AND ORDER

imprisonment or supervision.

Accordingly, I find that the BOP did not have authority to collect restitution payments from Petitioner, or to sanction him for not making restitution payments by withholding the benefits of otherwise satisfactory participation in the IFRP.

## CONCLUSION

Based on the foregoing, Respondent's Amended Motion to Dismiss (#12) is DENIED, Petitioner's habeas corpus petition (#1) is GRANTED, and the BOP is ordered to designate Petitioner "IFRP Exempt." All other outstanding motions are denied as moot.

IT IS SO ORDERED.

DATED this 16 day of July, 2008.

*Malcolm F. Marsh*
Malcolm F. Marsh
United States District Judge

5- OPINION AND ORDER